**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X     **Chapter 11**
**IN RE:**                                                                  **Case No.: 24-42417-nhl**

**Alveeru Inc,**

**Debtor.**

---------------------------------------------------------------------X

**Response to the U.S. Trustee's Motion to Dismiss or Convert Case**

**Introduction:**

Alveeru Inc. ("Debtor"), by and through its counsel, respectfully submits this response to the U.S. Trustee's Motion to Dismiss or Convert the Debtor's Chapter 11 case pursuant to **11 U.S.C. § 1112(b)**. While the Debtor acknowledges the Trustee's concerns, this response aims to address each issue, provide updates on the resolution of pending matters, and explain why the case should not be dismissed or converted.

**1. Proof of Insurance (11 U.S.C. § 1112(b)(4)(C)):**

The Trustee's motion requests dismissal for failure to provide **proof of insurance** to protect the estate. The Debtor acknowledges that there was a delay in providing the requisite insurance documents. However, the Debtor asserts that, as a **lienholder** and not the owner of the property, **the responsibility for maintaining insurance falls on the property owner** and not the Debtor.

**Legal Defense:**

- **11 U.S.C. § 1112(b)(4)(C)** requires appropriate insurance to be maintained on **estate property** to protect the estate and creditors. The Debtor's interest in the property is limited to a **lienholder** position, not ownership.
- The obligation to insure property applies only to **estate property** (i.e., property owned by the Debtor), not property in which the Debtor holds a **security interest**.

- Relevant case law, such as **In re Larymore, 82 B.R. 409 (Bankr. D. S.C. 1987)**, states:

    > "In the absence of a covenant to insure, lienholders are not required to maintain insurance on property securing their interest."

    Similarly, **In re Pure Repair and Trucking LLC, 658 B.R. 895 (Bankr. S.D. Ohio 2024)** states:

    > "The obligation to maintain insurance pertains specifically to debtors who own real property."

    Additionally, **In re Babayoff, 445 B.R. 64 (Bankr. E.D.N.Y. 2011)** confirms that:

    > "Insurance requirements under § 1112(b)(4)(C) pertain to estate property owned or controlled by the debtor."

- The Debtor has no **estate-owned real property**, and thus **no obligation** under **§ 1112(b)(4)(C)** to maintain insurance on property where the Debtor only holds a lien.

**2. Proof of Debtor-in-Possession (DIP) Account (11 U.S.C. § 1112(b)(4)(F))**:

The Trustee states that the Debtor has not provided proof of opening a **DIP account**. The Debtor acknowledges this delay and **plans to submit the necessary proof before the hearing**. The delay in establishing the DIP account was due to an administrative delay but will be resolved soon.

**Legal Response:**

- The Debtor acknowledges its responsibility to establish a DIP account under **11 U.S.C. § 345** and assures the court that the account is in progress. We aim to provide proof of the account before the hearing but seek additional time if necessary.

**3. Failure to File Schedules and Financial Affairs (11 U.S.C. § 1112(b)(4)(F))**:

The Trustee's motion also seeks dismissal based on the Debtor's failure to file **schedules** and a **statement of financial affairs**.

**Legal Response:**

- The delay in filing these documents was not intentional and did not arise from any desire to obstruct the process. Rather, it was due to **administrative delays**, which are now nearing resolution. The Debtor is in the final stages of preparing the documents and plans to submit them **before the hearing**.

**4. Failure to File Monthly Operating Reports (11 U.S.C. § 1112(b)(4)(F)):**

The Debtor acknowledges that **monthly operating reports** for June and July were not timely filed.

**Legal Response:**

- The Debtor is currently working to finalize and file these reports. The reports will be submitted before the hearing, and going forward, the Debtor will ensure compliance with filing requirements.

**5. Failure to Pay Quarterly Fees (11 U.S.C. § 1112(b)(4)(K)):**

The Trustee indicates that the Debtor has an outstanding balance of **$500** in **quarterly fees**.

**Legal Response:**

- The Debtor intends to pay the outstanding fees before the hearing, ensuring that no further delay or issue arises from this point.

**6. Failure to Appear at the 341 Meeting (11 U.S.C. § 1112(b)(4)(G)):**

The Trustee notes that the Debtor failed to appear at the **341 Meeting of Creditors** on July 15, 2024.

**Legal Response:**

- The Debtor acknowledges this failure and requests that the **341 meeting** be rescheduled. The Debtor commits to appearing at any future scheduled meeting.

**Conclusion:**

The Debtor acknowledges the Trustee's concerns but has made significant efforts to address each issue raised in the Motion to Dismiss. With respect to the **insurance obligation**, the Debtor reiterates that as a **lienholder**, it is not required under **11 U.S.C. § 1112(b)(4)(C)** to insure property it does not own, and **case law** supports this position. The Debtor has made substantial progress in resolving all other outstanding issues and will file the necessary documents and make the required payments before the hearing date.

Given the steps being taken to rectify these issues, **dismissal or conversion** is not in the best interests of creditors, and the Debtor requests that the Court allow the case to proceed under Chapter 11.

Dated: September 19, 2024
New York, NY

By: */s/ Moshe K. Silver*
Moshe K. Silver, Esq.
LAW OFFICE OF MOSHE K. SILVER
Counsel for the Debtor
347 Fifth Avenue, Suite 1402-703
New York, NY 10016
(212) 444-9972
msilverlaw@gmail.com